UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARCOS MORALES, individually and on behalf of all others similarly situated,

                          Plaintiff,

    -against-

J & M DELI CORP. and NEW 45 FARM INC. d/b/a 45 DELI, JIN HWAN OH and KIM IN YONG, as individuals,

                          Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiff, **MARCOS MORALES**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, MARCOS MORALES through undersigned counsel, bring this action against **J & M DELI CORP. and NEW 45 FARM INC. both doing business as 45 DELI, JIN HWAN OH and KIM IN YONG, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 839 2nd Ave, New York, NY 10017.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff MARCOS MORALES residing at 28 05 University Ave, Apt 4B, Bronx, NY 10468 was employed by J & M DELI CORP. and NEW 45 FARM INC. d/b/a 45 DELI from in or around January 2018 until in or around January 2020.

8. Defendant, J & M DELI CORP. d/b/a 45 DELI is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 839 2 Ave, New York, NY 10017.

9. Upon information and belief, J & M DELI CORP. d/b/a 45 DELI is the corporate name of 45 DELI that owns, controls and operates the business until in or December 2019.

10. Upon information and belief, Defendant JIN HWAN OH is the owner of J & M DELI CORP. d/b/a 45 DELI.

11. Upon information and belief, Defendant JIN HWAN OH is an agent of J & M DELI CORP. d/b/a 45 DELI.

12. Upon information and belief, JIN HWAN OH is responsible for overseeing all daily operations of J & M DELI CORP. d/b/a 45 DELI.

13. Upon information and belief, JIN HWAN OH has power and authority over all the final personnel decisions J & M DELI CORP. d/b/a 45 DELI.

14. Upon information and belief, JIN HWAN OH has the power and authority over all final payroll decisions of J & M DELI CORP. d/b/a 45 DELI, including the Plaintiff.

15. Upon information and belief, JIN HWAN OH has the exclusive final power to hire the employees of J & M DELI CORP. d/b/a 45 DELI, including the Plaintiff.

16. Upon information and belief, JIN HWAN OH has exclusive final power over the firing and terminating of the employees J & M DELI CORP. d/b/a 45 DELI, including Plaintiff.

17. Upon information and belief JIN HWAN OH is responsible for determining, establishing, and paying the wages of all employees of J & M DELI CORP. d/b/a 45 DELI, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant JIN HWAN OH was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

19. Defendant, NEW 45 FARM INC. d/b/a 45 DELI is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 839 2 Ave, New York, NY 10017.

20. Upon information and belief, NEW 45 FARM INC. d/b/a 45 DELI is the corporate name of 45 DELI that owns, controls and operates the business from in or around December 2019 until present.

21. Upon information and belief, Defendant KIM IN YONG is the owner of NEW 45 FARM INC. d/b/a 45 DELI from in or around December 2019 until present.

22. Upon information and belief, Defendant KIM IN YONG is an agent of NEW 45 FARM INC. d/b/a 45 DELI.

23. Upon information and belief, KIM IN YONG is responsible for overseeing all daily operations of NEW 45 FARM INC. d/b/a 45 DELI.

24. Upon information and belief, KIM IN YONG has power and authority over all the final personnel decisions NEW 45 FARM INC. d/b/a 45 DELI.

25. Upon information and belief, KIM IN YONG has the power and authority over all final payroll decisions of NEW 45 FARM INC. d/b/a 45 DELI, including the Plaintiff.

26. Upon information and belief, KIM IN YONG has the exclusive final power to hire the employees of NEW 45 FARM INC. d/b/a 45 DELI, including the Plaintiff.

27. Upon information and belief, KIM IN YONG has exclusive final power over the firing and terminating of the employees NEW 45 FARM INC. d/b/a 45 DELI, including Plaintiff.

28. Upon information and belief KIM IN YONG is responsible for determining, establishing, and paying the wages of all employees of NEW 45 FARM INC. d/b/a 45 DELI, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

29. Accordingly, at all relevant times hereto, Defendant KIM IN YONG was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

30. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiff, as Defendants held out Plaintiff as employee of both J & M DELI CORP. and NEW 45 FARM INC. d/b/a 45 DELI.

31. Both Corporate entities employed the same employees, including Plaintiff, performed work on the same job site, and were both responsible for issuing Plaintiff his wages.

32. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that J & M DELI CORP. and NEW 45 FARM INC. d/b/a 45 DELI (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

33. Plaintiff MARCOS MORALES was employed by J & M DELI CORP. and NEW 45 FARM INC. d/b/a 45 DELI as a deli worker and food preparer while performing related miscellaneous duties for the Defendants, from in or around January 2018 until in or around January 2020.

34. Plaintiff MARCOS MORALES regularly worked six (6) days per week from in or around January 2018 until in or around January 2020.

35. During Plaintiff's employment with the Defendants, Plaintiff regularly worked a schedule of shifts beginning at approximately 9:00 a.m. each workday and regularly ended at approximately 6:00 p.m., or later, six (6) days per week from in or around January 2018 until in or around January 2020.

36. Thus, Plaintiff was regularly required to work fifty-four (54) hours or more hours each week, from in or around January 2018 until in or around January 2020.

37. Plaintiff MARCOS MORALES was paid by Defendants a flat weekly rate of approximately $570.00 per week for all hours worked from in or around January 2018 until in or around January 2020.

38. Defendants failed to pay Plaintiff MARCOS MORALES the legally prescribed minimum wage for all his hours worked from January 2019 until in or around January 2020, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL, and its regulations.

39. Although Plaintiff regularly worked fifty-four (54) hours or more hours, from in or around January 2018 until in or around January 2020 each week during his employment by the Defendants, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

40. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

41. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

42. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English and Spanish, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

43. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

44. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**COLLECTIVE ACTION ALLEGATIONS**

45. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

46. Collective Class: All persons who are or have been employed by the Defendants as deli workers and food preparers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

47. Upon information and belief, Defendants employed 15 to 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

48. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate minimum wage or overtime compensation.

49. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

50. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

51. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

52. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

53. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

54. The claims of Plaintiff are typical of the claims of the whole putative class.

55. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

56. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

59. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

60. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

61. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

62. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

63. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. At all times relevant to this action, Plaintiff were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

66. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

67. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

68. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

69. At all relevant times, Defendants failed to pay Plaintiff the lawful minimum hourly wage for all hours worked in violation of 29 U.S.C. § 206(a).

70. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

71. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

72. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

73. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

74. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

75. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

76. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

77. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3, et. Seq.

78. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

80. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

81. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

83. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

84. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:   May 27, 2022
         Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCOS MORALES individually and on behalf of all others similarly situated,

                                Plaintiff,

      -against-

J & M DELI CORP. and NEW 45 FARM INC. d/b/a 45 DELI, JIN HWAN OH and KIM IN YONG, as individuals,

                                Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
    *Attorneys for the Plaintiff*
    80-02 Kew Gardens Road
    Suite 601
    Kew Gardens, New York 11415
    Phone: (718) 263-9591
    Fax: (718) 263-9598

To:

Via Secretary of State
**J & M DELI CORP. d/b/a 45 DELI (DOS ID: 2969766)**
**NEW 45 FARM INC. d/b/a 45 DELI (DOS ID: 5443007)**
839 2nd Ave, New York,  NY10017

**Via Personal Service:**
**J & M DELI CORP. d/b/a 45 DELI**
**NEW 45 FARM INC. d/b/a 45 DELI**
839 2nd Ave, New York,  NY10017

**JIN HWAN OH**
52 Hog Hill Rd., Chappaqua, NY 10514
839 2nd Ave, New York,  NY10017

11

**<u>KIM IN YONG</u>**
52 Hog Hill Rd., Chappaqua, NY 10514
839 2nd Ave, New York, NY10017