UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCOS MORALES, *individually and on behalf of all others similarly situated*,

                Plaintiff,

– *against* –

J & M DELI CORP. *and* NEW 45 FARM INC. *d/b/a* 45 DELI, JIN HWAN OH *and* KIM IN YONG,

                Defendants.

**OPINION & ORDER**

22-cv-04394 (ER)

Ramos, D.J.:

    Marcos Morales brought this action against defendants J & M Deli Corp., New 45 Farm Inc. d/b/a 45 Deli, Jin Hwan Oh and Kim In Yong on May 27, 2022. Doc. 1. He alleged violations of the Fair Labor Standards Act ("FLSA"), and various provisions of the New York Labor Law ("NYLL"). *Id.* at ¶¶ 57–84. Morales claimed that the defendants failed to pay him overtime compensation and the lawful minimum wage, and also failed to provide him with proper wage notices and wage statements. *Id*. Before the Court is the parties' motion for the approval of their settlement agreement. Doc. 27. For the following reasons, the motion for settlement approval is GRANTED.

**I.    LEGAL STANDARD**

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the

following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id*. (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II. DISCUSSION

### A. Range of Recovery

The proposed settlement agreement provides a total recovery of $ 28,000. Doc 27 at 1. Pursuant to the agreement, Morales' counsel will receive approximately 36% of the total settlement amount for attorney's fees ($8,928) and costs ($1,216).[1] *Id* at 5. After attorneys' fees and costs, Morales will receive $17,856. *Id.*

Morales estimates he was owed approximately $23,000 in unpaid overtime and minimum wages, exclusive of attorneys' fees and costs. *Id*. at 27. Thus, under the terms of the settlement, Morales will recover approximately 77% of his total back wages.

The proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum

---

[1] Specifically, these costs are from a $402 case filing fee and $814 fee for attempted and actual service of the summons and complaint on all defendants. Doc. 27 at 5.

2

recovery).  There is value to Morales receiving a settlement without experiencing the risks and delays inherent in litigation.  Furthermore, Morales' counsel notes there were contested disputes that went to the heart of his claims, and that the defendants contest the number of hours he worked and the wages he received.  Doc. 27 at 2.  In light of these uncertainties, Morales's counsel stated that Morales prefers a guaranteed payment through a court-approved settlement.  *Id.*

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'"  *Palma Flores v. M Culinary Concepts, Inc.*, No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted).  Considering the aforementioned uncertainties and the risks of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Morales.  *See Garcia v. Good for Life by 81, Inc.*, No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues") (citation omitted).  Finally, this settlement resulted from arm's length negotiations where the parties were represented by experienced counsel at a Court-appointed mediation before a highly-qualified and experienced mediator.  Doc. 27 at 4.

Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court further concludes that the proposed attorneys' fees and costs are reasonable.  Morales' counsel will receive $10,144 in attorneys' fees and costs, which is approximately 36% of the settlement.  *Id.* at 5.  This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases."  *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at

*2 (S.D.N.Y. Jan. 2, 2019) (citation omitted).  Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

  Morales' counsel has submitted billing records for two attorneys and one paralegal in this case:  Roman Avshalumov, the senior managing attorney at Helen F. Dalton & Associates, P.C., who bills at a rate of $425 per hour; James O'Donnell, a senior attorney at Helen F. Dalton & Associates, P.C., who bills at $250 per hour; and an unnamed paralegal who bills at a rate of $75 per hour.  Doc. 27–2 at 3.

  As to Avshalumov, the Court finds that the hourly rate of $425 is reasonable.  *See, e.g., Bin Gao v. Jian Song Shi*, No. 18-cv-2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v. Freeport Pancake House, Inc.*, approved hourly rates of $300 to $450 for partners); *Rodriguez v. 3551 Realty Co.*, No. 17-cv-6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although an hourly rate of $450 for partners is "somewhat higher than the presumptively reasonable rates in this District [in 2017], [it is] not beyond the pale").  Avshalumov's hourly rate is commensurate with other similarly-experienced lawyers in the field.

  As to O'Donnell, the Court finds that the hourly rate of $250 is reasonable.  *See, e.g., Lopez v. Emerald Staffing, Inc.*, No. 18-cv-2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) (noting that, as of 2020, courts in this District generally awarded between $300 to $400 per hour).  O'Donnell's hourly rate is thus commensurate with other similarly-experienced lawyers in the field.

  Regarding the paralegal that worked on this matter, "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v.*

*Midtown Catch Corp.*, No. 18-cv-4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (holding that the requested hourly rate of $100 was reasonable); *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20-cv-. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125). Therefore, the paralegal's hourly rate of $75 is reasonable.

The records submitted by Morales' counsel show that Avshalumov spent 11.8 hours on this case at a $425 hourly rate, resulting in a lodestar of $5,015; O'Donnell spent 18.1 hours on this case at a $250 hourly rate, resulting in a lodestar of $4,525; and the paralegal spent 10.8 hours on this case at a $75 hourly rate, resulting in a lodestar of $810. Thus, Morales' total lodestar in this case is $10,350. Doc. 27–2. Morales' counsel seeks a total of $10,144 in attorneys' fees and costs, $8,928 of which represents attorneys' fees. Doc. 27 at 5. The lodestar of $10,350, compared to the requested $8,928 of the settlement (net of costs) results in a lodestar multiplier (net of costs) or approximately .86. Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of .86 and determines that the $10,144 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions. *See* Doc. 27–1 at 1–5; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Morales' obligations under the agreement, the release appropriately discharges only claims pursuant to the FLSA, NYLL, as well as "all causes of actions and claims which were alleged in the Complaint." Doc. 27–1 at 4. *See Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that

5

waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). The agreement contains no confidentiality or non-disparagement provisions. *See generally* Doc. 27–1, *see also* Doc. 27 at 5.

For all the reasons stated herein, the Court approves the parties' settlement agreement.

### III.   CONCLUSION

The Court concludes that the proposed settlement agreement is fair and reasonable and approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 27, and close the case.

It is SO ORDERED.

Dated:   November 22, 2023
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.